UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRIAN FARMER, individually and as
assignee of Christopher M. Kesoglou,

    Plaintiff,

vs.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Defendant.
_____/

CASE NO. 06-61477-CIV-COHN/SNOW

## ORDER GRANTING DEFENDANT'S MOTION TO STAY OR IN THE ALTERNATIVE ABATE THE PLAINTIFF'S BAD FAITH ACTION

**THIS CAUSE** is before the Court upon Defendant's Motion to Stay or in the Alternative Abate the Plaintiff's Bad Faith Action [DE 21]. The Court has carefully considered the Motion, Response [DE 24] and Reply [DE 26], and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff Brian Farmer ("Plaintiff") filed this action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida on August 8, 2006 alleging statutory bad faith in violation of Florida Statute § 624.155 *et seq.* and common law bad faith. Defendant Liberty Mutual Fire Insurance Company ("Defendant") subsequently removed the action to this Court.

Taking the facts of the Complaint as true, the following facts gave rise to this case. Defendant provided a homeowner's insurance policy to Christopher M. Kesoglou ("Kesoglou") which included $100,000 in personal liability coverage. (Compl., Attached to Notice of Removal, ¶¶ 6-7 [DE 1].)  The policy was in full force and effect when

Kesoglou was involved in a physical altercation with Plaintiff from which Plaintiff sustained injuries. (Id., ¶¶ 8-9.) Plaintiff sued Kesoglou in state court for damages suffered as a result of the incident. (Id., ¶¶ 10-12.) After receiving notification of the suit from Kesoglou, Defendant informed Kesoglou that it would neither defend him against the lawsuit nor indemnify him for any judgment entered against him pursuant to an intentional acts exclusion clause contained in the insurance policy. (Id., ¶¶ 13-14; Mot. [DE 21], ¶ 1.)

Plaintiff's suit against Kesoglou was resolved when the parties entered into a consent agreement by which Kesoglou agreed to the entry of a $125,000 judgment against him and assigned his rights to a cause of action against Liberty Mutual to Farmer. The state court entered judgment in favor of Plaintiff and against Kesoglou pursuant to the consent agreement.

Plaintiff has now brought the instant action against Defendant, standing in the shoes of Kesoglou, alleging that Defendant acted in bad faith by failing to thoroughly investigate the claim against Kesoglou and failing to settle the claim for an amount within the policy limits. Defendant filed a counterclaim for declaratory relief asking the Court to determine whether or not coverage exists under Kesoglou's homeowner's policy for the injury suffered by Plaintiff. Defendant now seeks to stay or abate Plaintiff's bad faith claim pending resolution of the counterclaim.

## II.  ANALYSIS

Defendant alleges that there must first be a determination regarding coverage before proceeding to a related action for bad faith. Plaintiff argues that Defendant's Motion should be denied because 1) the instant action is a third-party claim which

unlike a first-party claim can proceed even without a resolution of the declaratory counterclaim; and 2) the Court need not reach the issue of coverage because a judgment has already been entered and the counterclaim is therefore untimely.  Since Florida law, which applies to this case, clearly establishes that the Court must determine coverage before the bad faith claim is addressed, Defendant's Motion shall be granted.

Florida law provides that a third party who obtains a judgment in excess of a insurance policy's limits can bring a bad faith claim directly against the insurer.  See Solar Time, Ltd. v. XL Specialty Ins. Co., 142 Fed. Appx. 430, 434 (11th Cir. 2005). However, coverage and liability issues must be determined before the third party can proceed with the prosecution of a bad faith action.  Id. (citing Gen. Star Indem. Co. v. Anheuser-Susch Cos., Inc., 741 So. 2d 1259, 1261 (Fla. 5th DCA 1999)).  It is irrelevant whether the bad faith claim is a first or third party action.  Gen. Star, 741 So. 2d at 1261 (citing Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289 (Fla. 1991); Doan v. John Hancock Mut. Life Ins. Co., 727 So. 2d 400 (Fla. 3d DCA 1999)). Requiring Defendant to simultaneously defend against the bad faith claim and prove that liability does not exist would cause irreparable harm including discovery of Defendant's accident file which is only permissible once the insurer's obligation to provide coverage has been established.  Progressive Select Ins. Co. v. Shockley, — So.2d —, 2007 WL 397077, at *1 (Fla. 4th DCA Feb. 7, 2007); Gen. Star, 741 So. 2d at 1261.  Therefore, the Court finds that the issue of coverage must be decided before the Court proceeds to Plaintiff's bad faith claim.

Plaintiff also argues that Defendant cannot raise the issue of coverage in this

action since a judgment has already been entered and Defendant failed to raise the issue during the pendency of Plaintiff's action against Kesoglou.  While the entry of a consent judgment can bind an insurer to the terms of a settlement agreement to which it is not a party, the mere entry of the judgment does not establish coverage.  Ahern v. Odyssey Re (London) Ltd., 788 So. 2d 369, 371-72 (Fla. 4th DCA 2001).  Rather, to enforce a consent judgment, the injured party must establish "1) coverage, 2) wrongful refusal to defend, and 3) that the settlement was reasonable and made in good faith." Id. at 372.  Plaintiff cannot circumvent the need to prove the existence of coverage by arguing that a judgment has already been entered.  Since neither this Court nor the court in the underlying tort action has decided whether coverage exists under the policy and, as discussed above, coverage must be decided first, Plaintiff's argument is misplaced.  Therefore, Defendant's counterclaim was properly filed and Defendant's Motion shall be granted.

### III.  CONCLUSION

Based on the foregoing , it is **ORDERED AND ADJUDGED** that Defendant's Motion to Stay or in the Alternative Abate the Plaintiff's Bad Faith Action [DE 21] is **GRANTED**.  The Court hereby **STAYS** all proceedings related to Plaintiff's bad faith claim until resolution of Defendant's counterclaim regarding coverage.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 19th day of March, 2007.

JAMES I. COHN
United States District Judge

Copies to:
All counsel of record

-4-