UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61477-CIV-COHN/SNOW

BRIAN FARMER, individually and as
assignee of Christopher M. Kesoglou,

    Plaintiff,

vs.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Partial Summary Judgment [DE 39] and Defendant's Cross-Motion for Summary Judgment [DE 43]. The Court has carefully considered the Motions, Responses [DEs 42 and 54, respectively], and Replies [DEs 54[1] and 58, respectively], affidavit of Christopher Kesoglou [DE 40], Plaintiff's Statement of Undisputed Facts and exhibits thereto [DE 41], the underlying record in this matter, and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff Brian Farmer, individually and as assignee of Christopher M. Kesoglou ("Kesoglou"), filed this action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida on August 8, 2006 alleging statutory bad faith in violation of Florida Statute § 624.155 *et seq.* and common law bad faith. Defendant

---

[1] Plaintiff incorporated its Response to Defendant's Motion for Summary Judgment and Reply to his Motion for Summary Judgment in the same filing.

Liberty Mutual Fire Insurance Company subsequently removed the action to this Court.

The following facts gave rise to this case. Defendant provided a homeowner's insurance policy to Kesoglou that included $100,000 in personal liability coverage, which was in full force and effect on May 11, 2000. (Pl.'s Statement of Undisputed Facts [DE 41], Exh. A.) The policy contains an exception for "bodily injury" or "property damage" . . . which is expected or intended by the 'insured.'" (Insurance Policy [DE 43, Exh. A], Section II - Exclusions, ¶ (1)(a).) On May 11, 2000 Plaintiff and Kesoglou were involved in an altercation, which caused Plaintiff to sustain injuries. (Id., ¶ 2.) Kesoglou notified Defendant of the incident, but the case did not settle and Plaintiff sued Kesoglou in state court for damages suffered as a result of the incident. According to the underlying complaint filed in state court, the injury occurred when Plaintiff was attempting to enter a shopping center and Kesoglou was attempting to leave. (Underlying Compl. [DE 43, Exh. B], ¶¶ 6-7.) Both men were in their vehicles. (Id.) Kesoglou allegedly became enraged when he could not see around Plaintiff's van (Id.), and "in a fit of 'road rage,'" he approached Plaintiff's van, grabbed Plaintiff's left arm through the open driver's side window, and punched Plaintiff in the face with his right arm, breaking his jaw. (Id., ¶¶ 7-9.) After receiving notification of the suit from Kesoglou, Defendant informed Kesoglou, in writing, that it would neither defend him against the lawsuit nor indemnify him for any judgment entered against him. (Id., ¶¶ 13-14.)

Plaintiff's case against Kesoglou was resolved when the parties entered into a consent agreement by which Kesoglou agreed to the entry of a $125,000 judgment against him and assigned his rights against Liberty Mutual to Farmer. (Pl.'s Undisputed

-2-

Facts [DE 41], Exh. B.)  The state court entered judgment in favor of Plaintiff and against Kesoglou pursuant to the consent agreement.  (Id., Exh. C.)  Plaintiff, standing in the shoes of Kesoglou, then brought the instant action against Defendant seeking to enforce the underlying judgment and alleging that Defendant acted in bad faith by failing to thoroughly investigate the claim against Kesoglou and failing to settle the claim for an amount within the policy limits.  (Amend. Compl., [DE 33].)  Defendant filed a counterclaim for declaratory relief [DE 18].  This Court stayed the bad faith action pending resolution of the issue of coverage.

The facts alleged by Plaintiff in the instant action differ substantially from those alleged in the underlying state law suit.  Pursuant to Kesoglou's affidavit, Plaintiff now alleges that the altercation began when Kesoglou was driving into a shopping center and saw Plaintiff having a verbal dispute with Kesoglou's wife.  (Kesglou Aff. [DE 40], ¶ 3.)  Plaintiff was allegedly standing outside his vehicle by the driver's window of Mrs. Kesoglou's car and yelling at her.  (Id., ¶ 4.)  Kesoglou exited his own car and Plaintiff came towards him.  (Id., ¶ 6.)  As Kesoglou attempted to defend himself against the approaching Plaintiff, Plaintiff was injured when he tripped and fell to the ground.  (Id.)  While the facts now alleged by Plaintiff comport with the statement made by Kesoglou to the insurance company [DE 43, Exh. D], the facts alleged in the original state court complaint are supported by Plaintiff's affidavit submitted to the State Attorney in Kesoglou's underlying criminal prosecution [DE 43, Exh. C].

## II.  SUMMARY JUDGMENT STANDARD

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of  Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing

party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. at 249-50.

### III.  ANALYSIS

The parties argue two different versions of the facts in this case.  According to Plaintiff, his injuries resulted from an unintentional accident, and he is therefore entitled to payment pursuant to the terms of the insurance policy.  Defendant claims that the facts of the underlying state court complaint apply thereby barring any recovery under the policy.

Under Florida law, which applies to this diversity action, where a settlement is reached without an insurer's consent, and where the settlement calls for the insurance policy proceeds to be the only source of settlement funds, often called a Coblentz agreement, two requirements must be satisfied in order for the settlement to be binding upon the insurer.  First, the plaintiff must establish that coverage exists under the policy. See Shook v. Allstate Ins. Co., 498 So. 2d 498, 500 (Fla. 4th DCA 1986); Steil v. Fla. Physicians Ins. Reciprocal, 448 So. 2d 589, 592 (Fla. 2d DCA 1984). Second, the settlement may not be unreasonable in amount or tainted by bad faith.  Id.

The primary issue before this court is whether coverage exists under the policy. Plaintiff argues that the duty to indemnify arises from the actual facts of the case, and therefore, he is entitled to recovery based on the facts set forth in Kesoglou's affidavit. Plaintiff alleges that Defendant is estopped from disputing the facts of this case since it

-5-

elected not to participate in the state court action and the facts were stipulated to in the underlying settlement agreement.  Defendant, on the other hand, argues that it has no duty to indemnify since, under Florida law, the duty to defend is broader than the duty to indemnify, and the duty to defend arises out of the facts alleged in the underlying complaint.  According to the initial complaint, Plaintiff's injuries were intentional or expected and therefore outside the scope of the policy.

Plaintiff's motion for summary judgment rests upon the theory that because Defendant did not defend the underlying lawsuit, it is estopped from raising coverage issues in this lawsuit.  The problem with this argument is that coverage issues were never determined by a judgment issued by a previous court, but were resolved by a stipulated judgment between Plaintiff and Kesoglou.  The United States Court of Appeals for the Eleventh Circuit, in a Florida case with similar facts to this case, squarely held that:

> Florida law clearly states that liability of an insurer depends upon whether the insured's claim is within the coverage of the policy.  This remains true even when the insurer has unjustifiably failed to defend its insured in the underlying action. (Citations omitted).  A determination of coverage, therefore, is a condition precedent to any recovery against an insurer.

Spencer v. Assurance Co. of America, 39 F.3d 1146, 1149 (11th Cir. 1994).  Based upon this definitive ruling by the Eleventh Circuit, Plainitff's motion for summary judgment must be denied.

Defendant's motion is based on the theory that since its denial to defend was proper in light of the facts alleged in the underlying complaint, it has no duty to indemnify regardless of the facts now raised by Plaintiff.  While Defendant is correct that typically the duty to defend is broader than the duty to indemnify, this logic is not

applicable to this case.  Under most circumstances, Florida courts hold that the duty to indemnify which arises out of the specific facts of the case is narrower than the duty to defend which is based on the general facts alleged in the underlying complaint.  See State Farm v. Higgins, 788 So. 2d 992, 996 (Fla. 4th DCA 2001); Fun Spree Vacations, Inc. v. Orior Ins. Co., 659 So. 2d 419, 422 (Fla. 3d DCA 1995).  However, the issue in this case, is which specific set of facts applies.  The mere fact that the underlying complaint alleged an intentional act does not absolve Defendant from liability under the terms of the policy when the actual injury may have been entirely accidental.  Since, as discussed above, this matter has never been before a trier of fact for such a determination, Defendant's motion for summary judgment must also be denied.

Accordingly, this matter shall proceed to trial for the limited purpose of determining whether the acts complained of fall within an exclusion to the policy.

## IV.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Partial Summary Judgment [DE 39] is hereby **DENIED**;

2. Defendant's Cross-Motion for Summary Judgment [DE 43] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 9th day of July, 2007.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies to counsel of record on CM/ECF